UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CLEARWATER ORTHOPAEDIC
ASC, LLC d/b/a C-MED AMBULATORY
SURGERY CENTER,

          Plaintiff,

v.                                         Case No. 8:05-cv-2291-T-24TGW

JEFFREY E. WESSENDORF and BLUE
CROSS AND BLUE SHIELD OF SOUTH
CAROLINA, CORPORATION,

          Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Jeffrey E. Wessendorf's ("Wessendorf") Motion to Remand (Doc. No. 4)[1].

Plaintiff The Clearwater Orthopaedic ASC, LLC d/b/a C-Med Ambulatory Surgery Center ("C-Med") filed a five count complaint against Defendant Wessendorf and Defendant Blue Cross and Blue Shield of South Carolina ("Blue Cross") in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (Doc. No. 2). In its complaint, Plaintiff C-Med alleges claims for breach of contract against Defendant Wessendorf (Count I), open account against Defendant Wessendorf (Count II), services rendered against Defendant Wessendorf (Count III), negligent representation against Defendant Blue Cross (Count IV), and breach of contract against Defendant Blue Cross (Count V) with respect to payment for medical treatment

---

[1] The Court notes that Defendant Wessendorf's Motion to Remand was filed via CM/ECF by Plaintiff's counsel.

Plaintiff C-Med rendered to Defendant Wessendorf.  Plaintiff alleges Defendant Wessendorf executed and delivered to Plaintiff C-Med a document assigning Plaintiff C-Med his health care benefits under a contract with Defendant Blue Cross.

Defendant Blue Cross removed this action, predicated on its assertion that this is a federal question action, because in Counts IV and V Plaintiff C-Med seeks recovery of charges for medical services rendered pursuant to an employment welfare benefit plan regulated by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Doc. No. 1).  Plaintiff C-Med did not file a motion to remand.

Defendant Wessendorf's motion to remand fails to include a brief or legal memorandum with citation of authorities in support of the relief requested.  See Local Rule 3.01(a).  In short, Defendant Wessendorf fails to provide this Court with any grounds as to why this case should be remanded to state court.  As such, Defendant Wessendorf's Motion to Remand is **DENIED**.  Defendant Wessendorf shall respond to the complaint on or before February 27, 2006.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of February, 2006.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

2