UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CLEARWATER ORTHOPAEDIC
ASC, LLC d/b/a C-MED AMBULATORY
SURGERY CENTER,

        Plaintiff,

v.                                              Case No. 8:05-cv-2291-T-24TGW

JEFFREY E. WESSENDORF and BLUE
CROSS AND BLUE SHIELD OF SOUTH
CAROLINA, CORPORATION,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on Defendant Jeffery A. Wessendorf's ("Wessendorf") Motion to Set Aside Default and Allow Answer (Doc. No. 19). Defendant Wessendorf simultaneously filed an answer to the complaint (Doc. No. 20). Plaintiff The Clearwater Orthopaedic ASC, LLC d/b/a C-Med Ambulatory Surgery Center ("C-Med") filed a response in opposition to Defendant Wessendorf's motion to set aside default (Doc. No. 21). Defendant Blue Cross and Blue Shield of South Carolina ("Blue Cross") did not file a response.

On or about November 7, 2005, C-Med filed a five count complaint against Defendant Wessendorf and Defendant Blue Cross in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (Doc. No. 2). On December 15, 2005, Defendant Blue Cross removed this action, predicated on its assertion that this is a federal question action, because in Counts IV and V Plaintiff C-Med seeks recovery of charges for medical services rendered pursuant to an employment welfare benefit plan regulated by the Employment Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Doc. No. 1). On February 17, 2006, this Court entered an Order denying Defendant Wessendorf's motion to remand and directed Defendant Wessendorf to respond to the complaint on or before February 27, 2006 (Doc. No. 9).[1] On May 24, 2006, in response to this Court's Order to Show Cause (Doc. No. 14), C-Med moved for an entry of default against Defendant Wessendorf (Doc. Nos. 15 and 16). On May 25, 2006, a clerk's entry of default was entered (Doc. No. 17).

Federal Rule of Civil Procedure 55(c) provides the standard for setting aside an entry of default. Rule 55(c) states that "[f]or good cause shown[,] the court may set aside an entry of default." The Eleventh Circuit has stated explicitly that the standard for setting aside a default is different and less burdensome than the standard for setting aside a default judgment. See E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527 - 28 (11th Cir.1990). "Good cause" is a liberal standard, though not devoid of substance. See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Some general guidelines commonly applied by the courts are whether the default was culpable or willful, whether setting it aside would prejudice the adversary and whether the defaulting party presents a meritorious defense. See id; see also Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 236 (M.D. Fla. 1993).

Applying these principles to the case at bar, the Court finds that Defendant Wessendorf has failed to present any good cause or meritorious defense to justify setting aside the entry of default herein. Rather, Defendant Wessendorf's counsel appears to have filed the motion to set

---

[1] The Court notes that Defendant Wessendorf's motion to remand was filed via CM/ECF by Plaintiff's counsel (Doc. No. 4).

aside default without instructions from his client to do so and, as to any meritorious defense, merely states "[t]he Defendant has related that he has meritorious defenses in this matter based upon discussions that he had with the representatives of Blue Cross/Blue Shield prior to the filing of the action."

    Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)    Defendant Jeffery A. Wessendorf's Motion to Set Aside Default and Allow Answer (Doc. No. 19) is **DENIED**.

(2)    The Clerk is directed to **STRIKE** Defendant Jeffrey A. Wessendorf's answer (Doc. No. 20).

**DONE AND ORDERED** at Tampa, Florida, this 21st day of July, 2006.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record