UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CLEARWATER ORTHOPAEDIC
ASC, LLC d/b/a C-MED AMBULATORY
SURGERY CENTER,

        Plaintiff,

v.                                          Case No. 8:05-cv-2291-T-24TGW

JEFFREY E. WESSENDORF and BLUE
CROSS AND BLUE SHIELD OF SOUTH
CAROLINA, CORPORATION,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on Plaintiff's motion for final judgment (Doc. No. 29) and Notice of Mediation Conference (Doc. No. 31).

**I.**    **Background**

On or about November 7, 2005, C-Med filed a five count complaint against Defendant Wessendorf and Defendant Blue Cross in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (Doc. No. 2). On December 15, 2005, Defendant Blue Cross removed this action, predicated on its assertion that this is a federal question action, because in Counts IV and V Plaintiff C-Med seeks recovery of charges for medical services rendered pursuant to an employment welfare benefit plan regulated by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Doc. No. 1). On February 17, 2006, this Court entered an Order denying Defendant Wessendorf's motion to remand and directed Defendant Wessendorf to respond to the complaint on or before February 27, 2006

(Doc. No. 9).[1] On May 24, 2006, in response to this Court's Order to Show Cause for failing to move for entry of default (Doc. No. 14), C-Med moved for an entry of default against Defendant Wessendorf (Doc. Nos. 15 and 16). On May 25, 2006, a clerk's entry of default was entered (Doc. No. 17). On July 21, 2006, this Court entered an Amended Order denying Defendant Wessendorf's motion to set aside default and allow answer and struck Defendant Wessendorf's answer (Doc. No. 23).[2] Subsequently, on August 3, 2006, this Court entered an Endorsed Order permitting Jeffrey A. Blau to withdraw as attorney for Defendant Wessendorf (Doc. No. 25).

**II.     Discussion**

In its motion for final judgment, C-Med "moves the Court for entry of a Final Judgment pursuant to FRCP 55(b) against defendant JEFFREY E. WESSENDORF" (Doc. No. 29). It is not entirely clear from C-Med's motion whether C-Med is seeking a default judgment pursuant to Federal Rules of Civil Procedure 55(b)(1) or 55(b)(2). However, as C-Med argues that the amount it is requesting is ascertainable, i.e. $5,240.00, the Court presumes that C-Med is seeking an entry of default judgment by the Clerk. Federal Rules of Civil Procedure 55(b)(1) states:

> (1)     When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

---

[1] The Court notes that Defendant Wessendorf's motion to remand was filed via CM/ECF by Plaintiff's counsel (Doc. No. 4).

[2] The Court notes that the mail with a copy of the Amended Order denying Defendant Wessendorf's motion to set aside default (Doc. No. 23), which was sent to Defendant Wessendorf at 2353 Shelly Street, Apt. 15, Clearwater, FL 33765, was subsequently returned as marked "Return to sender, attempted not known."

C-Med filed the Affidavit of Rhonda McRae ("McRae") in support of its motion for final judgment. However, the Court notes that McRae Affidavit is incomplete as it did not include the referenced copy of C-Med's Account Ledger.

Notwithstanding its pending motion for final judgment, Plaintiff filed a Notice of Mediation Conference which states "the parties hereto will call the above-referenced cause up for a mediation conference before Robert M. Daisley" . . . on October 30, 2006 (Doc. No. 31). The Notice of Mediation Conference is addressed to Defendant Wessendorf[3] as well as counsel for Defendant Blue Cross. As such, the Court cannot determine whether C-Med wishes to pursue its motion for default judgment as to Defendant Wessendorf or proceed with mediation with Defendant Wessendorf.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) On or before September 14, 2006, Plaintiff shall file a status report with this Court advising whether it wishes to pursue its motion for default judgment as to Defendant Wessendorf or proceed with mediation with Defendant Wessendorf.

(2) If Plaintiff intends to proceed with its motion for default judgment, it shall file a copy of the missing C-Med Account Ledger by September 14, 2006.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of September, 2006.

Copies to:
All Parties and Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[3] The Court notes that the Notice of Mediation Conference lists a new address for Defendant Wessendorf.

3